AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Sahn Williams ) | Case No.   20-cr-190-2 (RBW)/(ZMF) |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

**Part I - Eligibility for Detention**

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

**Part II - Findings of Fact and Law as to Presumptions under § 3142(e)**

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**Part III - Analysis and Statement of the Reasons for Detention**

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☐ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

☑ History of violence or use of weapons
❒ History of alcohol or substance abuse
❒ Lack of stable employment
❒ Lack of stable residence
❒ Lack of financially responsible sureties
❒ Lack of significant community or family ties to this district
❒ Significant family or other ties outside the United States
❒ Lack of legal status in the United States
❒ Subject to removal or deportation after serving any period of incarceration
❒ Prior failure to appear in court as ordered
❒ Prior attempt(s) to evade law enforcement
❒ Use of alias(es) or false documents
❒ Background information unknown or unverified
❒ Prior violations of probation, parole, or supervised release

**C.  OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Mr. Williams requested that he be released into the High Intensity Supervision Program (HISP) with a curfew, GPS location monitoring, a requirement that he maintain employment, and any other conditions set by the Court.  He highlighted that he is forty-four years old, a long-time local resident, and that he resides with his common-law wife and their minor child.  He emphasized that he is an AIDS crisis counselor, and that his employer thinks very highly of him and would allow him to continue working even if he were placed on electronic monitoring.  He also questioned the weight of the evidence against him by noting that: (a) he never spoke with, or sold narcotics to, the CI; (b) law enforcement never observed him giving narcotics to, or receiving money from, his co-defendant, Mr. Rumph; and (3) his behavior was inconsistent with someone who held a more cuplable role in the alleged conspiracy.  In addition, Mr. Williams proffered that there is no evidence linking the firearm that was recovered from a safe in his home with narcotics trafficking.  Last, Mr. Williams highlighted that the Pretrial Services Office found him to present a low risk of flight, his most recent conviction was for conduct that occurred over nineteen years ago, and that a jail is not a good place to be during a pandemic.

Nature and circumstances of offense(s):

Mr. Williams is charged with distributing and conspiring to distribute a significant quantity of cocaine base.  The United States proffered that Mr. Williams supplied narcotics to Mr. Rumph, who then sold them to a confidential informant ("CI").  Specifically, the United States proffered that Mr. Rumph sold approximately 180 grams of cocaine base to the CI on five occasions between January 13, 2020 and March 10, 2020, and that each time, Mr. Williams or one of his vehicles was observed near Mr. Rumph after the CI left.  Phone records show frequent communication between the co-defendants before, during, and after each of the sales.  Cocaine base is a particularly dangerous drug, and the instant offense involves substantial quantities of it.  Although uncharged, the Court also considered that a loaded firearm with an extended magazine was recovered from Mr. Williams' residence.  The dangers attendant to narcotics trafficking are exponentially exacerbated by the presence of firearms. Thus, this factor weighs in favor of detention.

The strength of the government's evidence:

Although the evidence against Mr. Rumph is more substantial, the evidence against Mr. Williams is still quite strong, and weighs in favor of detention. The United States proffered that it has observational and electronic evidence that puts Mr. Williams (or at least one of his vehicles) near the scene of the narcotics transactions between the CI and Mr. Rumph.  In a post-*Miranda* statement, Mr. Rumph identified Mr. Williams as his supplier.  In addition, a search of Mr. Williams' house revealed a large quantity of crack cocaine and U.S. currency, as well as various items indicative of preparing crack cocaine for distribution.  In a post-*Miranda* statement, Mr. Williams confessed to selling narcotics to one or two individuals and to doing so up until the time of his arrest.  Last, the United States proffered that it recovered items from Mr. Williams' trash on two occasions that were consistent with narcotics distribution, including a zip that had residue of a substance that field-tested positive for cocaine. These seizures and statements corroborate Mr. Williams' role in supplying Mr. Rumph with narcotics.

The defendant's history and characteristics, including criminal history:

Mr. Williams has ties to the local community and lives with his common-law wife and their young child. He is also employed in a very important job that serves others around him. Counsel for Mr. Williams informed the Court that Mr. Williams' employer was effusive in his praise for Mr. Williams and said that he was a mentor to other employees. Mr. Williams' criminal record is quite dated. His most recent conviction was for conduct that occurred over nineteen years ago, and even though his parole was revoked to incarceration in that matter, the revocation was over ten years ago. In addition, although there is a discrepancy between the Pretrial Report and the United States' detention memo regarding how many prior robbery with a deadly weapon convictions Mr. Williams has, the undersigned finds that the conviction or convictions are too dated to weigh in favor of detention. For these reasons, this factor weighs in favor of release.

The defendant's dangerousness/risk of flight:

The danger posed by Mr. Williams' release is that he would continue to distribute cocaine base, which poses a danger to the community. Law enforcement recovered items from his residence that are consistent with preparing and distributing narcotics. In addition, a loaded firearm with an extended magazine was recovered from his residence, which Mr. Williams admitted to keeping for protection. Mr. Williams also allegedly admitted to law enforcement that he had been dealing drugs since he was a young man and had only stopped on infrequent occasions in between. His alleged long-term narcotics manufacturing and distribution causes the undersigned to find that no release conditions, including HISP with home confinement, would adequately mitigate the danger to the community posed by his release.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 10/01/2020                    2020.10.01 20:37:55 -04'00'

United States Magistrate Judge