UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | 20 Cr. 190 (RBW) |
| v. | : | |
| SAHN WILLIAMS | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY MEMORANDUM**
<u>**CONCERNING SAFETY VALVE ELIGIBILITY**</u>

**INTRODUCTION**

This case presents the Court with a straight forward question of statutory interpretation concerning the meaning of the "safety valve" eligibility requirements. The statute unambiguously provides that a defendant is safety valve eligible unless he satisfies each of the following disqualifying factors:

> (A) more than 4 criminal history points excluding any criminal history points resulting from a 1- point offense, as determined under the sentencing guidelines;
>
> (B) a prior 3-point offense, as determined under the sentencing guidelines; **and**
>
> (C) a prior 2-point violent offense, as determined under the sentencing guidelines.

18 U.S.C. Section 3553(f)(1) (emphasis added). If the word "and" is given its plain and customary conjunctive meaning – defendant Williams is eligible for the safety valve because he does not have a prior two point violent offense.

The Government's argues that notwithstanding the plain meaning of the provision, this Court should deny defendant Sahn Williams' eligibility for the safety valve . In essence, the Government asks this Court to rewrite the statute by changing the conjunctive word "and" between subparagraphs (B) and (C) to the disjunctive "or." For all the reasons set forth herein, the Court should reject this argument and find the defendant eligible for the safety valve.

**LEGAL ANALYSIS**

It is beyond challenge that the plain meaning of the statute controls its interpretation. there is no further inquiry for the Court to undertake. As the Court of Appeals has noted:

> To assess the defendants' proposed construction of these [criminal] provisions, the Court must consider first whether the "language at issue has a plain and unambiguous meaning with regard to the particular dispute in [this] case." *United States v. Villanueva–Sotelo*, 515 F.3d 1234, 1237 (D.C.Cir.2008) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997)). **If such an unambiguous meaning is apparent, the court's "inquiry ends and [the court must] apply the statue's plain language**." *Id.* (internal quotations and citations omitted)(emphasis added).

United States v. Mosquera-Murillo, 172 F. Supp. 3d 24, 30 (D.D.C. 2016). This principle of statutory construction acts with particular force in a criminal case, where the "rule of lenity" gives the benefit of any doubt in the interpretation of a criminal statute to the defendant. United States v. Enmons, 410 U.S. 396, 411 (1973).

This reasoning is the predicate for the Court of Appeals unanimous decision in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021).

Notwithstanding this inviolable rule of statutory construction, the Government asks this Court to rely on the reasoning of the panel decision in *United States v. Garcon*, 23 F.4th 1334 (11th Cir. 2022) – a panel decision that was vacated and thus, carries neither the weight of precedent, nor logic. Although the Government argues that each of the provisions of the safety valve should be read as an "independent" disqualifier, that is not how the statute is written. The Government's references to other extraneous materials to undercut the plain meaning of the provision should be rejected. The Court's function is not to "fix" what the Government believes is wrong with the statute. As the Supreme Court noted nearly one hundred years ago in rejecting the Government's interpretation of the tax code:

> The statute was evidently drawn with care. Its language is plain and unambiguous. What the government asks is not a construction of a statute, but, in effect, an enlargement of it by the court, so that what was omitted, presumably by inadvertence, may be included within its scope. To supply omissions transcends the judicial function.

Iselin v. United States, 270 U.S. 245, 250–51 (1926).

This same logic – that it is not the role of the courts to expand the scope of a statute – applies to the question presented by the Court in this case.

## CONCLUSION

For all of these reasons, the defense respectfully requests that this Court conclude that defendant Williams is eligible for the safety valve.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20008
D.C. Bar No. 366673
202-255-6637 (cellular)
RF@RFeitelLaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on the ECF docket for this case and also sent via email, to David Heneck, U.S. Attorney's Office For The District Of Columbia, 555 4th Street N.W, Washington, DC 20001, this day 26th day of April 2022.

*Robert Feitel*

_____
Robert Feitel